IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT KIM, ) | |
| ) | No. 14-cv-312 |
| Plaintiff, ) | |
| ) | Judge Jon E. DeGuilio |
| v. ) | |
| ) | |
| CELLCO PARTNERSHIP d/b/a VERIZON ) | |
| WIRELESS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| CELLCO PARTNERSHIP d/b/a VERIZON ) | |
| WIRELESS, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TOSHA TARTER, ) | |
| ) | |
| Third Party Defendant. ) | |

**THIRD PARTY COMPLAINT**

Defendant/Third Party, Plaintiff Cellco Partnership d/b/a Verizon Wireless, by its attorney Elizabeth A. Thompson (Arnstein & Lehr LLP *of counsel*), pursuant to Federal Rules of Civil Procedure 14(a)(1) and 18(a), for its third party complaint against Third Party Defendant Tosha Tarter, states as follows:

**PARTIES**

1.  Third Party Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with a principal place of business in Basking Ridge, New Jersey. Verizon has four partners that comprise the partnership, Bell Atlantic Mobile LLC, GTE Wireless Inc., JV PartnerCo LLC, and PCS Nucleus LP, each organized under the laws of

Delaware with their principal place of business in Basking Ridge, New Jersey. Bell Atlantic Mobile LLC's sole member is MCI Communications Services, Inc., a Delaware corporation with a principal place of business in Basking Ridge, New Jersey. JV PartnerCo LLC's sole member is Verizon Americas, Inc., a Delaware corporation with a principal place of business in Basking Ridge, New Jersey. PCS Nucleus LP is a Delaware Limited Partnership, whose partners are Verizon Holdings LLC and JV PartnerCo LLC. Therefore, Verizon is a citizen of the states of New Jersey and Delaware. Verizon is in the business of providing cellular communication service to consumers throughout the United States.

2. On information and belief, Third Party Defendant Tosha Tarter ("Tarter") is an individual residing in Decatur, Indiana. Tarter either lives with or at one time did live with Plaintiff Robert Kim ("Kim"). Tarter is a citizen of the State of Indiana.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1367, because Verizon's claims against Tarter are so related to the claims brought by Kim in this action, which are within this Court's original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution. Additionally, the Court has subject matter jurisdiction over Verizon's claims pursuant to 28 U.S.C. § 1332 because Verizon is diverse in citizenship from Tarter and more than $75,000, exclusive of interest and costs, is in controversy.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and Tarter is subject to personal jurisdiction in this Court.

**BACKGROUND FACTS**

5.	On or about February 14, 2014, Tarter and Verizon entered into a two-year service contract which required Tarter to make certain payments to Verizon in exchange for cellular communication service and a cellular telephone provided at a discounted rate from its original retail price.

6.	The service contract also incorporated by its terms the Verizon Wireless Customer Agreement. The service contract and Verizon Wireless Customer Agreement are attached collectively as Exhibit A and are referred to as the "Agreement."

7.	By executing the Agreement, Tarter promised to make certain payments to Verizon in exchange for Verizon providing cellular service and the discounted cellular telephone to Tarter.

8.	Although Tarter took the phone and received cellular telephone service, she did not timely pay her cellular telephone bill starting in July of 2014 and her account was ultimately suspended for non-payment in September of 2014. Tarter has continued to refuse to pay her account and her account is past due in an amount of $383.10.

9.	In connection with the Agreement, Tarter represented to Verizon that her phone number was (909) 638-7582 (the "Phone Number"). Specifically, Tarter represented to Verizon that the Phone Number was her "home phone" number.

10.	Additionally, pursuant to the Agreement, Tarter "consent[ed] to allow Verizon Wireless and anyone who collects on [its] behalf to contact [her] about [her] account status, including past due or current charges, using prerecorded calls… or messages delivered by an automatic telephone dialing system to any… phone number [she] provide[d]."

11. Verizon relied upon the representations, agreements, and consents provided by Tarter, as described in paragraphs 9-10, and agreed to provide cellular communication service and a discounted phone to Tarter.

12. Relying upon Tarter's representation that the Phone Number was the appropriate phone number at which to reach her and at which Tarter consented to be called, and in an effort to collect the amount past due on her account, Verizon attempted to call Tarter at the Phone Number.

13. On October 7, 2014, Plaintiff Robert Kim ("Kim") filed a complaint against Verizon, alleging that Verizon called the Phone Number in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

14. Kim's Complaint alleges that he "never provided his cellular telephone number to [Verizon]" and "never provided his consent to [Verizon] to be contacted on his cellular telephone."

15. Kim's Complaint does not mention that Tarter is or was living with Kim, that Tarter provided the Phone Number to Verizon, that Tarter provided her consent to be contacted at that number regarding her account, including for the collection of past due balances, or that Verizon provided service and a phone to Tarter in reliance on her representations.

16. Verizon called the Phone Number in reliance on Tarter's representation it was the phone number at which Verizon could reach her. The calls were made for the purposes of collecting a valid debt by Verizon from its customer, Tarter, with whom Verizon had an existing business relationship.

17. To the extent Kim seeks to hold Verizon liable under the TCPA, Verizon seeks common law indemnification from Tarter, as any calls were made in a valid effort to collect an existing debt on a phone number Tarter represented Verizon had consent to call.

18. Verizon also seeks to hold Tarter liable for breach of contract for the amount of any judgment Kim receives because Tarter agreed, warranted and represented that the Phone Number belonged to her and that Verizon was authorized to call her on that number to discuss matters related to her account, including to attempt to collect amounts owing on the account.

19. In addition, Verizon seeks repayment of the amount that Tarter owes under the Agreement.

## COUNT I: COMMON LAW INDEMNITY

20. Verizon repeats and incorporates by reference the allegations set forth in paragraphs 1-19 above as paragraph 20.

21. The Agreement between Tarter and Verizon formed a legal and special relationship between those two parties that existed prior to any of the calls alleged in Kim's Complaint. This special relationship gives rise to a duty for Tarter to indemnify and hold harmless Verizon for any damages that Verizon may suffer in connection with the Agreement.

22. Verizon would not have called the Phone Number had Tarter not provided it as the number where she could be reached concerning the Agreement. Accordingly, based on Tarter's representation that Verizon had consent to call her at the Phone Number, Verizon made collection calls.

23. Tarter owed a duty and obligation to Verizon to represent to Verizon an accurate telephone number where she could be reached with regard to the Agreement.

24. As a result of the collection calls, Kim brought his Complaint against Verizon, claiming that the calls violated the TCPA.

25. To the extent that the calls violated the TCPA, a contention denied by Verizon, Tarter is responsible for indemnifying Verizon as no violation would have occurred had Tarter not negligently or knowingly given an incorrect phone number to Verizon along with her consent to be contacted at that number.

26. Tarter breached her duty to provide accurate information to Verizon by providing the Phone Number which, if Kim's allegations are true, is not her phone number.

27. The relationship between Verizon and Tarter establishes a right of indemnity in favor of Verizon and against Tarter regarding the allegations in Kim's Complaint.

28. Should Kim be awarded any sums, including any damages, costs or attorneys' fees against Verizon, any such liability on the part of Verizon results from the acts or omissions of Tarter.

29. Verizon's alleged liability to Kim is solely derivative of Tarter's actions in allowing herself to become indebted to Verizon and not paying for her cellular service on time, and in authorizing Verizon to call the Phone Number, which Kim alleges belongs to him, but that Tarter represented as her own.

30. If liability is imposed on Verizon as a result of the matters alleged in Kim's Complaint, Tarter has an implied duty to indemnify Verizon for all of the liability imposed.

WHEREFORE Third Party Plaintiff Cellco Partnership d/b/a Verizon Wireless respectfully requests that in the event judgment is entered against Verizon and in favor of Plaintiff Robert Kim, that judgment be entered in favor of Verizon and against Third Party Defendant Tosha Tarter in the amount of any judgment entered against Verizon and that Verizon

be awarded its attorneys' fees, interest, the costs of this suit, and any other relief the Court finds equitable and just.

## COUNT II: BREACH OF CONTRACT

31. Verizon repeats and incorporates by reference the allegations set forth in paragraphs 1-19 above as paragraph 31.

32. As set forth above, on or about February 14, 2014, Tarter and Verizon entered into a binding and valid contract, the Agreement.

33. In the Agreement, Verizon agreed to provide cellular service to Tarter and Tarter agreed to pay a monthly fee for that service.

34. In the Agreement, Tarter represented that she "consent[ed] to allow Verizon Wireless and anyone who collects on [its] behalf to contact [her] about [her] account status, including past due or current charges, using prerecorded calls… or messages delivered by an automatic telephone dialing system to any… phone number [she] provide[d]."

35. The Agreement's terms require Tarter to be truthful to Verizon. The Agreement states that Verizon "can, without notice, limit, suspend or end your Service or any agreement with you for any good cause, including, but not limited to: (1) if you… (e) steal from or lie to us…"

36. Kim alleges in his Complaint that he did not consent to the use of the Phone Number in connection with the calls made by Verizon. If that allegation is true, then Tarter lied to Verizon about her contact information in the Agreement and therefore breached the provision of the Agreement requiring her to be truthful.

37. Additionally, if Kim's allegations are true, Tarter breached the terms of the Agreement, specifically her agreement that the Phone Number belonged to her and that Verizon

7

could lawfully contact her at that number to discuss her account or to attempt collection of past due amounts on the account.

38. Moreover, Tarter breached her obligations under the Agreement by failing to make payments due under the Agreement.

39. Verizon has fully performed all conditions and obligations on its part under the terms of the Agreement.

40. As a direct and proximate result of Tarter's breaches, Verizon has suffered damages including: (a) damages incurred as a result of Kim's lawsuit, including the amount of any judgment entered in favor of Kim against Verizon, as well as Verizon's own attorneys' fees and costs; and (b) the amount owed by Tarter to Verizon under the contract for the cellular service that Verizon provided and that Tarter did not pay for.

WHEREFORE, Third Party Plaintiff Cellco Partnership d/b/a Verizon Wireless respectfully requests that this Court enter judgment in its favor and against Third Party Defendant Tosha Tarter for damages incurred as a result of Plaintiff Robert Kim's lawsuit, including the amount of any judgment entered in favor of Kim against Verizon, as well as Verizon's own attorneys' fees and costs, the amount owed by Tarter under the contract for the cellular service provided by Verizon, and such further relief this Court finds equitable and just.

    Respectfully submitted,

    CELLCO PARTNERSHIP d/b/a
    VERIZON WIRELESS

    By: /s/ Elizabeth A. Thompson
        One of its attorneys

Elizabeth A. Thompson
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, Illinois 60606
(312) 876-7100
112171376.2

## Certificate of Service

  Elizabeth A. Thompson, an attorney, certifies that on January 20, 2015, she electronically filed the above **Third Party Complaint** with the Clerk of Court by using the CM/ECF system, which sent notification of such filing to all parties of record.

                    /s/ Elizabeth A. Thompson