UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT KIM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-00312-JD-SLC |
| | ) | |
| CELLCO PARTNERSHIP, | ) | |
| d/b/a Verizon Wireless, | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOSHA TARTER, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon") fully-briefed motion to disqualify Attorney Amy L. Cueller and Lemberg Law, LLC ("Cueller"), counsel to Plaintiff Robert Kim and Third-Party Defendant Tosha Tarter in this action. (DE 28; DE 36; DE 39). For the following reasons, the Court finds that Verizon lacks standing to bring this motion, and thus, it will be DENIED.

*A. Factual and Procedural Background*

On October 7, 2014, Kim, acting through Cueller, filed this action against Verizon, alleging that Verizon violated the Telephone Consumer Protection Act ("TCPA") by calling his cellular telephone through an automated telephone dialer system to inquire about Tarter's account. (DE 1 at ¶¶ 5, 6). Verizon filed its answer on January 5, 2015. (DE 10).

On January 20, 2015, Verizon filed a third-party complaint against Tarter, alleging that Kim and Tarter live together and that Tarter provided Kim's cellular telephone number to Verizon as a number where she could be reached. (DE 12 at ¶ 2). Verizon seeks to recover from Tarter for common law indemnity and breach of contract in the event Kim wins his suit against Verizon (DE 12 at ¶ 2); that is, Verizon will look to Tarter to recover whatever damages it must pay to Kim.

Attorney Cueller filed an appearance on behalf of Tarter on May 12, 2015. (DE 21). On June 1, 2015, Verizon moved to disqualify Cueller, contending that her representation of both Kim and Tarter in this action presents a concurrent conflict of interest that cannot be waived under Indiana Rule of Professional Conduct 1.7. (DE 28 at ¶¶ 4-6). Verizon further argues that Cueller cannot resolve the conflict by withdrawing her representation as to either Kim or Cueller, because the other then becomes a former client, triggering restrictions under Indiana Rule of Professional Conduct 1.9. (DE 28 at ¶¶ 7, 8). In response, Kim and Tarter contend that Verizon, as an opponent, does not have standing to bring the motion; that Kim's and Tarter's interests are aligned; and that, in any event, they have waived any potential conflict. (DE 36).

### *B. Legal Framework*

The Northern District of Indiana has adopted the Indiana Rules of Professional Conduct in its Local Rules as the standard of professional conduct. *See* N.D. Ind. L. R. 83-5(e). "The principal disciplinary guideline at issue here is Rule 1.7, governing concurrent conflicts of interest."[1] *Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 890 (S.D. Ind. 2014). "[T]he

---

[1] Rule 1.7. Conflict of Interest: Current Clients

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

moving party bears the burden of concretely establishing the necessity of disqualification." *Id.*

"The disqualification of an attorney is a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Id.* (quoting *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)). "Accordingly, motions to disqualify are treated with 'extreme caution.'" *Id.* (quoting *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)). "Caution is warranted both because disqualification motions 'can be used as techniques of harassment,' and because the consequences of disqualification are so grave—'destroy[ing] a relationship by depriving a party of representation of their own choosing.'" *Id.* (alteration in original) (quoting *Freeman*, 689 F.2d at 722).

### C. Discussion

Before reaching the substantive focus of Verizon's disqualification argument—whether Cueller's representation of both Kim and Tarter in this matter creates a concurrent conflict of interest that cannot be waived under Indiana Rule of Professional Conduct 1.7—the Court must first determine whether Verizon, as an opponent, has standing to bring this motion. Ultimately, Verizon fails to clear this threshold hurdle, dooming its motion to disqualify.

"The general rule accepted by most federal jurisdictions is that only a current or former client has standing to seek disqualification of an attorney from a matter pending before a court."

---

    (1) the representation of one client will be directly adverse to another client; or
    (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
  (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
    (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
    (2) the representation is not prohibited by law;
    (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
    (4) each affected client gives informed consent, confirmed in writing.

*Mills*, 992 F. Supp. 2d at 891 (citing *In re Yarn Processing Patent Validity Litig.*, 530 F.2d 83, 88 (5th Cir. 1976) (collecting cases); *Tizes v. Curico*, No. 94 C 7657, 1997 WL 116797, at *2 (N.D. Ill. Mar. 12, 1997)). "The majority position draws its strength from the logic of [Rule 1.7] itself, which is designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent[.]" *Id*. Thus, "the proper party to raise the conflict of interest issue, in a motion to disqualify counsel, is the party that [Rule 1.7] was intended to protect—the client or the former client." *Id*. (alteration in original) (quoting *Tizes*, 1997 WL 116797, at *2); *see also Perkins v. Cook Cnty.*, No. 09 C 4930, 2010 WL 747570, at *2 (N.D. Ill. Mar. 2, 2010).

"The Seventh Circuit has not staked out a clear position on the issue of standing to bring disqualification motions." *Mills*, 992 F. Supp. 2d at 892. While the court commented in *Matter of Sandahl*, 980 F.2d 1118 (7th Cir. 1992), that a party lacked standing to enforce its opponent's right to the loyalty of counsel, which seemingly supports the majority position, "district courts within the circuit have declined to enforce an absolute rule against standing by third-party attorneys or party opponents who are not former clients." *Mills*, 992 F. Supp. 2d at 891-92. Several district courts from the Southern District of Indiana have concluded that opposing counsel may properly raise the question where the conflict "was sufficiently grave to undermine the court's inherent interest in preserving 'the fair or efficient administration of justice.'" *Id*. at 892 (citing *Emmis Operating Co. v. CBS Radio, Inc.*, 480 F. Supp. 2d 1111 (S.D. Ind. 2007); *Leathermon v. Grandview Mem'l Gardens, Inc.*, No. 4:07-cv-137, 2010 WL 1381893, at *1 n.1 (S.D. Ind. Mar. 31, 2010)). Several district courts from the Northern District of Illinois have concluded the same where the conflict "is such as clearly to call in question the fair or efficient

4

administration of justice." *Id.* (citing *Blanchard v. EdgeMark Fin. Corp.*, 175 F.R.D. 293, 306 (N.D. Ill. 1997); *Tizes*, 1997 WL 116797, at *2; *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1995 WL 319635, at *1 (N.D. Ill. May 25, 1995)).

Here, Verizon's argument in support of the motion to disqualify is based on its concern that Kim or Tarter may be prejudiced by Cueller's concurrent representation. (DE 28 at ¶¶ 6-8). Verizon's purported concern for its opponents, however, does not provide it standing to file the instant motion. "Even if the general rule against party opponents other than former clients bringing disqualification motions is not absolute, courts in this circuit have made clear that the interests protected by Rule 1.7 are the crux of the standing issue." *Mills*, 992 F. Supp. 2d at 892. To reiterate, Rule 1.7 is designed to protect the interests of those harmed by conflicting representations—in this case, Kim or Tarter.[2] *Id.* at 891.

In *Thomas & Betts Corp.*, the defendants argued that the plaintiffs' counsel had a conflict of interest by placing themselves "in the untenable position of being material witnesses." 1995 WL 319635, at *1. The court found that the alleged harm arising from the "material limitation" impacted only the plaintiffs, and thus, that defendants lacked standing to bring the motion, commenting that "[d]efendants' feigned concern for [plaintiffs'] welfare" was "unpersuasive." *Id.* at 2; *see also Tizes*, 1997 WL 116797, at *2 (finding that defendant lacked standing to bring the motion to disqualify, observing that "[e]ven if some type of conflict did exist, it would have a negative effect on plaintiffs, not defendants"). More recently, in *Mills*, a legal malpractice case in which defendant filed a third-party complaint against plaintiff's counsel for indemnification, a

---

[2] Kim and Tarter argue, however, that their positions in this case are completely aligned: that neither "provided consent to Verizon to place automated calls to Mr. Kim's cellular phone number." (DE 36 at 5).

5

district court for the Southern District of Indiana concluded the same, finding that the defendant was unsuccessful in its attempt "to justify a motion to disqualify primarily on the basis of *[p]laintiff's* interests." 992 F. Supp. 2d at 892-94. The *Mills* court stated: "Seventh Circuit case law makes clear that under these circumstances, an adversary party lies outside the protective scope of the conflict rules, and thus lacks standing to bring a disqualification motion." *Id.* (citing *In re Sandahl*, 980 F.2d at 1121; *Blanchard*, 175 F.R.D. at 306).

Furthermore, Kim and Tarter have produced affidavits stating that they consent to the concurrent representation after being informed of the potential conflict. (DE 36-1 to 36-2). "Any argument for [Cueller's] disqualification is weakened further where, as here, the party that Rule 1.7 is designed to protect—[Cueller's] client—has decided that the benefits of [her] representation outweigh whatever detriment [the concurrent representation] may present." *Mills*, 992 F. Supp. 2d at 894; *see also Tizes*, 1997 WL 116797, at *2 ("Even if some kind of conflict did exist, it would have a negative effect on plaintiffs, not defendants. Yet plaintiffs have consented to the representation . . . after painfully full disclosure of any conceivable conflict . . . ."). Thus, even if Cueller is not "ideally situated" to serve as both Kim's and Tarter's counsel in this case, Verizon "has not shown us that the ends of justice compel an intervention to disqualify [Cueller] and frustrate [Kim's and Tarter's] right to a representative of [their] own choosing." *Mills*, 992 F. Supp. 2d at 894; *see, e.g.*, *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014) (TCPA case arising out of autodialed debt collection calls in which plaintiff and his housemate, who was named as a third-party defendant, were represented by the same counsel).

Accordingly, the Court finds that Verizon, as the adverse opponent, lacks standing to bring the motion to disqualify Cueller from representing the plaintiff and the third-party

6

defendant in this case. As such, Verizon's motion to disqualify will be denied.

### D. Conclusion

For the foregoing reasons, Defendant/Third Party Plaintiff's Motion to Disqualify (DE 28) is DENIED.

SO ORDERED.

Dated this 16th day of July 2015.

S/ Susan Collins
Susan Collins
United States Magistrate Judge
