UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ROBERT KIM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 1:14-CV-312 JD |
|  | ) |  |
| CELLO PARTNERSHIP d/b/a | ) |  |
| VERIZON WIRELESS, | ) |  |
|  | ) |  |
| Defendant and Third-Party | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| TOSHA TARTER | ) |  |
|  | ) |  |
| Third-Party Defendant. | ) |  |

## ORDER

On October 7, 2014, Robert Kim filed a complaint against Cellco Partnership, d/b/a Verizon Wireless ("Verizon") alleging violations of the Telephone Consumer Protection Act. [DE 1]. Verizon then filed a third-party complaint against Tosha Tarter, alleging that she provided the phone number at which Kim received the calls underlying his complaint, and that as part of her service agreement she had agreed to be called at that number. The third-party complaint asserts claims against Tarter for common law indemnification and for breach of contract. [DE 12]. Tarter moved to dismiss both counts of the third-party complaint for failure to state a claim. [DE 26]. Upon a referral, Magistrate Judge Susan Collins issued a Report and Recommendation in which she recommends that the motion to dismiss be granted as to the indemnification count but denied as to the breach of contract count.

Pursuant to 28 U.S.C. § 636(b)(1)(B), a court may refer a dispositive motion to a magistrate judge for preparation of a report and recommendation. Once the magistrate judge files

the report and recommendation, a party must file any objections within fourteen days of service. *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection is made, the court's review is for clear error. *Id.* Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

The time period for the parties to file objections to the Report and Recommendation has passed and neither party filed any objections, so the Court's review is for clear error. The Court has reviewed the Report and Recommendation and does not find any clear error, so it ADOPTS the Report and Recommendation in its entirety. [DE 42]. Tarter's motion to dismiss [DE 26] is therefore GRANTED with respect to Verizon's common law indemnification claim in Count 1 and DENIED with respect to Verizon's breach of contract claim in Count 2.

SO ORDERED.

ENTERED: March 7, 2016

                                                 /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court